**E-FILED**
Wednesday, 04 September, 2013  03:45:38 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| **RICHARD D. BUDD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | **Case No. 11-CV-2227** |
| ) | |
| **EDGAR COUNTY, ILLINOIS, and THE** ) | |
| **EDGAR COUNTY SHERIFF'S OFFICE,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION

This case is before the court for ruling on the Rule 12(f) Motion to Strike (#46) filed by Defendants, Edgar County, Illinois, and the Edgar County Sheriff's Office. This court has carefully reviewed Defendants' Motion and the Response (#47) filed by Plaintiff, Richard D. Budd. Following this careful and thorough review, Defendants' Rule 12(f) Motion to Strike (#46) is DENIED.

## BACKGROUND

On September 23, 2011, Plaintiff filed a pro se Complaint (#1) against the Edgar County Sheriff's Office and Edward B. Motley. On October 13, 2011, this court held a merit review hearing and dismissed Plaintiff's case. Plaintiff appealed. On April 2, 2013, the Seventh Circuit Court of Appeals issued an Opinion. The Seventh Circuit concluded that Plaintiff had stated a valid claim challenging the conditions of his confinement. The court also concluded that this court properly dismissed Plaintiff's medical indifference claim. The Seventh Circuit stated that Plaintiff had sued Edward B. Motley in his official capacity as Sheriff and noted that suing the Sheriff and his office was redundant. The case was remanded to this court for further proceedings. This court received the Mandate (#28) from

the Seventh Circuit on April 24, 2013.

Following remand, the named Defendants waived service and this court set a scheduling conference.  On May 13, 2013, Attorney Thomas Patrick Needham filed an Appearance (#33) on Plaintiff's behalf.[1]  On July 9, 2013, Defendants filed an Answer to Complaint and Affirmative Defenses (#38).  Defendants also filed a Joint Motion to Dismiss and Motion to Strike (#39).  On July 10, 2013, Plaintiff, through counsel, filed a Motion for Leave to File First Amended Complaint (#41).  On July 25, 2013, this court entered a text order and granted Plaintiff's Motion for Leave to File First Amended Complaint (#41).  This court therefore found Defendants' Motion to Dismiss and Motion to Strike to be moot.  This court stated that it appeared that the deficiencies noted in Defendants' Motion had been corrected in the First Amended Complaint.

Plaintiff's First Amended Complaint (#43), brought pursuant to 42 U.S.C. § 1983, was filed on July 25, 2013.  The First Amended Complaint named Edgar County and the Edgar County Sheriff's Office as Defendants.  Plaintiff set out detailed facts regarding the conditions at the Edgar County jail and alleged that the "adverse conditions of Plaintiff's confinement in the Edgar County jail were constitutionally inadequate under the law, and constitute a deprivation of due process in violation of the Fourteenth Amendment to the United States' Constitution."  Plaintiff also alleged facts regarding the liability of Edgar County and the Edgar County Sheriff's Office under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

---

[1] On July 10, 2013, Attorney Torreya Lyn Hamilton also filed an Appearance (#40) on behalf of Plaintiff.

On August 7, 2013, Defendants filed a Rule 12(f) Motion to Strike (#46).  Defendants argued that Rule 8 of the Federal Rules of Civil Procedure requires a Complaint to set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Defendants argued that paragraphs 16 through 29 of the First Amended Complaint included statements which were more in the nature of alleged evidence to support Plaintiff's claims, including alleged quotations from news articles and Department of Corrections reports, as well as reference to a prior lawsuit and the court's holding in that suit.  Defendants argued that paragraphs 16 through 29 violated Rule 8 and should be stricken from the First Amended Complaint.

On August 22, 2013, Plaintiff filed his Response to Defendants' Rule 12(f) Motion to Strike (#47).  Plaintiff argued that motions to strike under Rule 12(f) are generally disfavored.  Plaintiff also argued that paragraphs 16 through 29 of the First Amended Complaint were highly relevant to Plaintiff's case.  Plaintiff noted that his only claim against Defendants is that they maintained an unconstitutional policy or practice which allowed deplorable conditions at the Edgar County jail to exist in violation of the Fourteenth Amendment—a *Monell* claim.  Plaintiff pointed out that to successfully plead a *Monell* claim, a plaintiff must allege the existence of a pattern, practice or custom so widespread or persistent that it rises to the level of a policy that can be fairly attributed to the municipality. *See Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 735 (7th Cir. 1994).  Plaintiffs argued that paragraphs 16 through 29 alleged "facts which tend to show that the Defendants were well aware of the deplorable conditions at the Edgar County Jail before, during, and after

Plaintiff's injuries, but exhibited deliberate indifference to the jail's deplorable conditions." Plaintiff argued that "[t]his custom and practice of deliberately ignoring the jail's inhumane conditions despite repeated inspections, reports, and warnings is highly relevant to Plaintiff's *Monell* claim."

Rule 12(f) provides, in pertinent part, that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Plaintiff is correct that, "[g]enerally speaking, motions to strike portions of pleadings are disfavored as they consume scarce judicial resources and may be used for dilatory purposes." *Burton v. Gray*, 2012 WL 2284305, at *1 (N.D. Ill. 2012); *see also Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727 (7th Cir. 2006); *Nuzzi v. St. George Cmty. Consol. Sch. Dist. No. 258*, 688 F. Supp. 2d 815, 830 (C.D. Ill. 2010). Therefore, "motions to strike pleadings 'will generally be denied unless the portion of the pleading at issue is prejudicial.'" *Burton*, 2012 WL 2284305, at *1, *quoting U.S. Liab. Ins. Co. v. Bryant*, 2011 WL 221662, at *1 (S.D. Ill. 2011).

This court has carefully reviewed the allegations of the First Amended Complaint and the arguments of the parties. This court concludes that Plaintiff has adequately explained the relevance of the allegations at issue. This court agrees with Plaintiff that the allegations are relevant to his *Monell* claim. This court further concludes that Defendants have not shown that the allegations are prejudicial and should be stricken.

IT IS THEREFORE ORDERED THAT:

(1) Defendants' Rule 12(f) Motion to Strike (#46) is DENIED.

(2) This case remains scheduled for a Rule 16 scheduling conference on September 5, 2013, at 10:30 a.m.

ENTERED this 4th day of September, 2013

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE